IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cv-62392-RS

ANA MARIA TABARES,

 Plaintiff,

v.

SAHARA AUTOSPORTS, INC.
d/b/a CITY HALL CHEVRON,
and NARINDERJEET SINGH

 Defendants,
_____

## DEFENDANTS' MOTION FOR SANCTIONS FOR VIOLATION OF COURT'S ORDER COMPELLING MEDIATION [DES 18 & 25]

 Defendants, SAHARA AUTOSPORTS, INC. d/b/a CITY HALL CHEVRON and NARINDERJEET SINGH, pursuant to Fed. R. Civ. P. 16 and SD Fla. LR 16.2, move for sanctions against Plaintiff, ANA MARIA TABARES, for failure to comply with the Court's Order [DES 18 & 25], and in support state as follows:

 1. On May 17, 2019, this Court entered its Order of Referral to Mediation. [DE 18]

 2. On July 17, 2019, this Court entered its Order Scheduling Mediation for <u>tomorrow</u>, September 12, 2019. [DE 25]

 3. On August 5, 2019, this Court entered its Order Setting Settlement Conference in FLSA Case to be held the following week on September 18, 2019. [DE 27]

4.     On August 13, 2019, counsel for Defendants requested that Plaintiff's counsel postpone the private Mediation in light of the Order scheduling a Settlement Conference before Magistrate Valle—but Plaintiff's counsel, Eliott Kozolchyk, Esq., refused:

> **From:** ekoz@kozlawfirm.com
> **To:** GINA CADOGAN
> **Cc:** Kathy Sand; pk@kozlawfirm.com
> **Subject:** RE: Tabares v. Sahara Autosports, et al: Case No. 18-cv-62392 Rule 7.1 effort
> **Date:** Tuesday, August 13, 2019 2:02:53 PM
> **Attachments:** image003.png
> image005.png
> Yes we oppose.
> **ELLIOT KOZOLCHYK** / Attorney
> **e:** ekoz@kozlawfirm.com  **t:** 786.924.9929 **f:** 786.358.6071
> **a:** 320 S.E. 9th St, Fort Lauderdale, FL 33316
>
> **From:** GINA CADOGAN <gina@cadoganlaw.com>
> **Sent:** Tuesday, August 13, 2019 1:45 PM
> **To:** ekoz@kozlawfirm.com
> **Cc:** Kathy Sand <kathy@cadoganlaw.com>; pk@kozlawfirm.com
> **Subject:** Tabares v. Sahara Autosports, et al: Case No. 18-cv-62392 Rule 7.1 effort
> In light of the Court's order requiring the parties to attend the Settlement Conference before Judge Valle on Sept. 18th, please let me know whether your client opposes a Motion to dispense with the private mediation before Cindy Hannah presently scheduled for Sept. 12th.
> See Exhibit "A".

5.     At 10:04am today, Kozolchyk stated his client was "unavailable", since was in "South America". See Exhibit "B". Note, Kozolchyk makes no mention of when his client left the Country in light of the pending Mediation Order entered into on July 17, 2019.

6.     Defendants and the corporate representative are located in Michigan and pre-purchased airline tickets to attend the Court Ordered mediation scheduled for tomorrow.

7.  Moreover, Defendants have advised Plaintiff that it owes Plaintiff half-time--- on numerous occasions, including in responses to discovery. Yet, <u>today</u>, counsel for Plaintiff emailed:

> **From:** ekoz@kozlawfirm.com <ekoz@kozlawfirm.com>
> **Sent:** Wednesday, September 11, 2019 10:34 AM
> **To:** GINA CADOGAN <gina@cadoganlaw.com>; 'ATD Mediations' <info@agree2disagree.com>
> **Cc:** pk@kozlawfirm.com; Kathy Sand <kathy@cadoganlaw.com>
> **Subject:** RE: Case 0:18-cv-62392-RS Tabares v. Sahara Autosports. Inc et al
>
> Gina,
> I do not believe my client will be compromising her claim any amount in light of your approach to this case. You've been needlessly hostile and confrontational since the start. While your behavior might make you "feel good," it puts your clients in the worst possible position relative to their liability exposure. Your aggression is guaranteeing your clients a trial.
> Please provide all receipts, invoices, and billing records for the amounts you are claiming. Any amount my client might have compromised to her claim during settlement discussions would have certainly been more.
> **ELLIOT KOZOLCHYK** / Attorney
> **e:** ekoz@kozlawfirm.com **t:** 786.924.9929 **f:** 786.358.6071
> **a:** 320 S.E. 9th St, Fort Lauderdale, FL 33316
>
> **From:** GINA CADOGAN <gina@cadoganlaw.com>
> **Sent:** Wednesday, September 11, 2019 10:26 AM
> **To:** ekoz@kozlawfirm.com; 'ATD Mediations' <info@agree2disagree.com>
> **Cc:** pk@kozlawfirm.com; Kathy Sand <kathy@cadoganlaw.com>
> **Subject:** RE: Case 0:18-cv-62392-RS Tabares v. Sahara Autosports. Inc et al
>
> I have conferred with my clients who purchased non-refundable tickets to attend mediation. Thus, they have incurred not only those costs but the fees you have forced them to incur as a result of your client's alleged unavailability. This all could have been avoided had you not insisted this mediation occur tomorrow.
> Pursuant to Rule 7.1, let me know if you agree to the court's entry of an order of sanction for this cancellation. The sanction would be not only the costs of the non refundable airfare but also the fees I have incurred, which at this point are about .4.
> Oh, and, if the mediator has cancellation fees, your client is responsible for that.
> Regards,
> <u>See</u> Exhibit "B".

8.	<u>Memorandum of Law:</u>  Pursuant to Local Rule 16.2, "[t]he Court may sanction a party who fails to comply with the Local Rule."  <u>See</u> <u>Metal Group United States LLC v. Seapack, Inc.</u>, 2019 US Dist. LEXIS 154222 (SD Fla. Sept. 8, 2019)( Moreno, J.)  Plaintiff has failed to comply and, what's more, through her counsel, exhibited a "bad faith" approach to the mediation process.

WHEREFORE, Defendants, respectfully request that this Court sanction Plaintiff for failing to comply with DE 25, canceling mediation and/or otherwise being "unavailable" for mediation as Ordered, and preemptively advising a refusal to engage in "good faith efforts" to resolve.  As a measure of sanctions, Defendants seek an award of fees and costs incurred, as well as to dispense with mediation in its entirety and the Settlement Conference scheduled for next week, September 18, 2019, in light of the preemptive refusal to engage in "good faith".

## CERTIFICATE OF COMPLIANCE WITH S.D. FLA. L.R. 7.1(a)(3)

Pursuant to S.D. Fla. L.R 7.1(a)(3), the undersigned counsel made reasonable efforts to confer with Defendants including a pre-Motion emails on September 11, 2019, in an effort to resolve or narrow the issues.  After, refusing to agree to entry of an Order awarding relief for failure to appear at mediation, Kozolchyk inquired about his client appearing by phone, to which the undersigned disagreed in light of the: Court Orders [DES 18 & 25], refusal of Plaintiff to postpone mediation, which resulted in airline tickets, and Kozolchyk's very own representations that his client would "I do not believe my client will be

4

compromising her claim any amount in light of your approach to this case.. . Your aggression is guaranteeing your clients a trial."

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 11TH day of September 2019, that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Gina Cadogan
GINA M. CADOGAN, Esq.
Fla. Bar. 177350)
CADOGAN LAW
300 S. Pine Island Road, Ste. 107
Plantation, FL 33324
Tel: 954.606.5891
Fax: 877.464.7316
Email: gina@cadoganlaw.com
Email: kathy@cadoganlaw.com

**SERVICE LIST**
*Ana Maria Tabares v. Sahara Autosports, Inc. dba City Hall Chevron,
and Naridnderjeet Singh*
**CASE NO.:  18-cv-62392-RS**

Elliot Kozolchyk, Esq.
Koz Law, PA
320 SE 9th Street
Fort Lauderdale, FL 33316
ekoz@kozlawfirm.com
*[CM/ECF]*